```
             IN THE UNITED STATES DISTRICT COURT
             FOR THE MIDDLE DISTRICT OF GEORGIA
                        ATHENS DIVISION
```

```
LORI WINDERS,                      *
    Plaintiff,                     *
vs.                                *
                                        CASE NO. 3:13-CV-56 (CDL)
CITIMORTGAGE, INC. and SAVTA      *
PROPERTIES, LLC,
                                   *
    Defendants.
                                   *
```

O R D E R

Plaintiff Lori Winders ("Winders") granted a security interest in real property in Greensboro, Georgia to Defendant CitiMortgage, Inc. ("CitiMortgage") in connection with a loan. When Winders defaulted on the loan, she sought a loan modification with CitiMortgage. While that modification request was pending, CitiMortgage nevertheless conducted a non-judicial foreclosure sale of the property to Defendant Savta Properties, LLC. Winders, who is proceeding *pro se*, alleges that the foreclosure sale violated the terms of a Consent Judgment, to which Winders was not a party. Winders seeks "vacatur" of the sale. In the alternative, she seeks damages. CitiMortgage moves to dismiss all of Winders's claims, arguing that Winders cannot state a claim arising from an alleged breach of the Consent Judgment to which she is not a party. As explained

below, the Court grants CitiMortgage's Motion to Dismiss (ECF No. 2).

## MOTION TO DISMISS STANDARD

When considering a 12(b)(6) motion to dismiss, the Court must accept as true all facts set forth in the plaintiff's complaint and limit its consideration to the pleadings and exhibits attached thereto. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of action will not do[.]" *Id.* Although the complaint must contain factual allegations that "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims, *id.* at 556, "Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable,'" *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly,* 550 U.S. at 556).

DISCUSSION

On March 12, 2012, the U.S. Department of Justice and numerous states' attorney generals filed a joint complaint in the U.S. District Court for the District of Columbia against five mortgage servicers, including CitiMortgage, for alleged violations of state and federal laws pertaining to foreclosures. On April 4, 2012, the district court entered a Consent Judgment outlining the terms of the parties' settlement. *See generally* Def.'s Mot. to Dismiss Ex. C, Consent Judgment, ECF No. 2-3. The Consent Judgment obligates CitiMortgage to comply with certain servicing standards, including an obligation under certain conditions not to "refer an eligible borrower's account to foreclosure while the borrower's complete application for any loan modification program is pending." *Id.* ¶¶ 2, 6 & Ex. A, Settlement Term Sheet ¶ IV.B, ECF No. 2-3 at 110.

Winders bases her claim solely on CitiMortgage's alleged breach of paragraph IV.B of the Settlement Terms to the Consent Judgment.  Compl. ¶¶ 6-12, ECF No. 1-1 at 2.[1]  It is clear that the Consent Judgment, however, does not create a private right of action for individual mortgagors to enforce its terms.  *See*

---

[1] In her response to CitiMortgage's Motion to Dismiss, Winders alleges a new claim that CitiMortgage breached terms of an alleged settlement agreement between CitiMortgage and the Office of the Comptroller of the Currency Board of Governors of the Federal Reserve System in January 2013.  Pl.'s Resp. in Opp'n to Mot. to Dismiss ¶ 3, ECF No. 6. Winders has not sought to amend her Complaint to add these additional allegations, and a complaint cannot be properly amended in a response brief.  Therefore, the Court does not consider this new claim.

Consent Judgment ¶ 6 & Ex. E, Enforcement Terms, ECF No. 2-3 at 190-205 (describing explicit mechanisms for monitoring and enforcing compliance with certain servicing standards by an independent monitor and the "Monitoring Committee"). The Consent Judgment states that "[CitiMortgage]'s obligations under this Consent Judgment shall be enforceable solely in the U.S. District Court for the District of Columbia. An enforcement action under this Consent Judgment may be brought by any Party to this Consent Judgment or the Monitoring Committee." Enforcement Terms ¶ J.2, ECF No. 2-3 at 203-04. Therefore, even if Winders could establish that CitiMortgage breached paragraph IV.B, Winders cannot sue for breach of the Consent Judgment. *See Rehbein v. CitiMortgage, Inc.*, No. 2:13cv65, 2013 WL 1395644, at *5 (E.D. Va. Apr. 4, 2013) (finding that because "[t]hird party borrowers are conspicuously absent from" the enforcement provisions of the same Consent Judgment at issue in this action, "the parties to the agreement did *not* intend the individual borrowers to be able to sue to protect the benefits the consent judgment confers" and, thus, "individual borrowers are not eligible to bring enforcement actions"); *Metellus v. Bank of Am., N.A.*, No. 1:12-CV-1947-CC-GGB, 2013 WL 1129399, at *3 (N.D. Ga. Mar. 19, 2013) (stating that a mortgagor, as a non-party to the consent judgment, has no standing to enforce it or bring a claim for breach of the consent judgment) (citing

4

*Johnson v. Wells Fargo Bank, N.A.*, No. 13-cv-10146, 2013 WL 823369, at *3 (E.D. Mich. Mar. 6, 2013) and *Reynolds v. Bank of Am., N.A.*, No. 3:12-CV-1420-L, 2013 WL 796730, at *10 (N.D. Tex. Mar. 5, 2013)); *Fenello v. Bank of Am., N.A.*, No. 1:11-cv-4139-WSD, slip op. at 21 (N.D. Ga. July 17, 2012) (explaining that a similar consent order, "much like the HAMP and the Emergency Economic Stabilization Act of 2008 ("EESA") that were intended to provide relief to homeowners, neither expressly, nor impliedly, creates a cause of action or vests a mortgagor with third party beneficiary rights to enforce provisions of the Consent Order"); *see also Jurewitz v. Bank of Am., N.A.*, No. 12cv2940-WQH-WVC, 2013 WL 1457739, at *3 (S.D. Cal. Apr. 10, 2013) (dismissing a similar breach of consent judgment claim for lack of standing because "[t]he Consent Judgment contains no provisions referencing the possibility of an enforcement proceeding brought by an individual borrower as a third-party beneficiary"). Consistent with the approach taken by these other courts, the Court finds that Winders's Complaint in this action must be dismissed.

## CONCLUSION

The Court grants CitiMortgage's Motion to Dismiss (ECF No. 2), and Winders's Complaint is dismissed in its entirety as to all Defendants. To the extent Winders's Complaint alleges any state law claims, the Court declines to exercise supplemental

jurisdiction over those claims and dismisses them without prejudice.

    IT IS SO ORDERED, this 7th day of August, 2013.

                                       S/Clay D. Land
                                            CLAY D. LAND
                              UNITED STATES DISTRICT JUDGE